UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.:

PABLO Z. FIGUEROA,
and other similarly situated individuals,

      Plaintiff(s),

v.

INVESTMENT MANAGEMENT I, LLC,
d/b/a INVESTMENT LIMITED,
and CALET MARQUEZ, individually,

      Defendants,

_____/

## **COMPLAINT**

      The Plaintiff PABLO Z. FIGUEROA, by and through undersigned counsel, hereby

sues Defendant INVESTMENT MANAGEMENT I. LLC, d/b/a INVESTMENTS

LIMITED, and CALET MARQUEZ on the grounds set forth herein.

### INTRODUCTION

1. This is an action by Plaintiff PABLO Z. FIGUEROA, under 42 U.S.C. §1981 (Civil

   Rights Act of 1866),to redress the injury done to him by the Defendant's

   discriminatory treatment based of his Race and Color (Black).

2. The Plaintiff also brings an action under Florida State law claims for Assault and

   Battery, and additional action under the doctrine of Respondeat Superior Liability

### JURISDICTION AND VENUE

3. This is an action for damages brought in excess of $15,000.00, exclusive of interest,

   attorney's fees, and costs.

4. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

6. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

7. The venue of this action is properly placed in the Southern District of Florida, Palm Beach Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful, were committed in Palm Beach County, within the jurisdiction of this Honorable Court.

<u>PARTIES</u>

8. Plaintiff PABLO Z. FIGUEROA is a resident of Palm Beach County, who was employed by Defendant and is a member of certain protected classes of persons because of his Race and Color (Black).

9. Corporate Defendant INVESTMENT MANAGEMENT I. LLC, d/b/a INVESTMENTS LIMITED (hereinafter INVESTMENTS LIMITED, or "Defendant"), is a Florida for Profit Corporation having place of business in Palm Beach County, within the jurisdiction of this Court. The Defendant was engaged in interstate commerce.

10. Individual Defendant Calet Marquez is an employee of Defendant INVESTMENTS LIMITED, and he is named and held liable in this Complaint just in reference to the counts of Assault and Battery under Florida State law.

11. At all times relevant to this complaint, Plaintiff PABLO Z. FIGUEROA was employed by INVESTMENTS LIMITED, and the parties had a contractual relationship with each other.

STATEMENT OF FACTS

12. Plaintiff PABLO Z. FIGUEROA is a 59-year-old Black male of Cuban National Origin.  Plaintiff is a member of a protected class under and 42 U.S.C. §1981 (Civil Rights Act of 1866) because of his Race and Color, and because of his participation in protected activities within the meaning of Federal and State law.

13. The Defendant INVESTMENTS LIMITED is a property leasing, management, and maintenance company providing its services to commercial accounts.

14. The Defendant INVESTMENTS LIMITED employed Plaintiff PABLO Z. FIGUEROA as a non-exempted, full-time, hourly employee, approximately from September 2105 to March 03, 2020, or 4 years plus 6 months.

15. At the time of his termination Plaintiff's wage-rate was approximately $15.00 an hour.

16. The Plaintiff worked at Island Shores Apartments, located at 1600 Island Shore Drive, Green Acres, FL 33413.

17. During his time of employment, the Plaintiff worked as a maintenance employee. The Plaintiff's duties included general maintenance work such as repairing, painting, plumbing, and light electric work for all the residential buildings managed by INVESTMENTS LIMITED.

18. Throughout his employment with the Defendant, the Plaintiff performed his duties satisfactorily.   The Plaintiff possessed all the required skills, training, and

qualifications for the job in question, and performed his duties without significant issue or controversy.

19. However, during the time Plaintiff was employed by the Defendant, the Plaintiff was subjected to unlawful acts of discrimination, such as harassment, hostile working environment, and was further subjected to different terms and conditions of employment, and finally, he was subjected to a retaliatory discharge. All these actions were based on Plaintiff's Race and Color.

20. The Plaintiff began to suffer discriminatory treatment due to his Race and Color since Mr. Calet Marquez (White Cuban) was promoted to Supervisor, on or about January 2016.

21. The perpetrator of the unlawful discrimination against Plaintiff, was Supervisor, Mr. Calet Marquez, who supervised the maintenance operations of the business, and Plaintiff's work.

22. Supervisor Calet Marquez harassed Plaintiff and subjected him to discriminatory and disrespectful treatment because of his Race and Color.

23. Calet Marquez made derogatory comments against Black people. He made many racist and offensive statements to Plaintiff in front of his co-workers causing him humiliation and embarrassment.

24. Supervisor Calet Marquez harassed Plaintiff many times with racist remarks such as: "That is what Blacks are good for, to pick up garbage", "Neg… are good for nothing".

25. Plaintiff confronted the Supervisor and let him know clearly that his conduct was completely offensive and unwelcome.

26. Supervisor Calet Marquez ignored Plaintiff's complaint and continued his racist comments against Plaintiff and all Black people, including Black workers.

27.  As soon as a Black worker was hired, Calet Marquez began his harassment to make him quit. Calet Marquez made negative comments like "I don't know why the company hires these neg…", "Neg…..are good for nothing"

28. Calet Marquez also directed his wrongful behavior to Black tenants of Island Shores Apartments. He stated "Ne…were disgusting, they should be sent back to their countries", "I don't understand why the company allows these Neg…to rent here".

29. On or about February 2016, Plaintiff complained to Manager Cristina Paneto and Manager Assistant Walter Nicolas about discrimination and harassment based on his Race and Color, committed by Supervisor Calet Marquez against him.

30. After Plaintiff complaint, Plaintiff just suffered increased harassment.  Supervisor Calet Marquez continued his wrongful conduct without any consequences. Plaintiff realized that he was under a management staff with close family and friendship ties, and his complaint brought him only more harassment.

31. Plaintiff continued working trying to not get in trouble with Supervisor Calet Marquez.

32. Supervisor Calet Marquez was openly hostile towards Plaintiff, and he assigned him the most difficult work. Every time the Supervisor talked to Plaintiff, he was very rude and yelled at him in front of other people.

33. Supervisors subjected Plaintiff to excessive job scrutiny and surveillance and he was admonished for any reason. The Plaintiff was blamed for anything that went

wrong; the Plaintiff was held responsible even for the faulty work of subcontractors hired by Calet Marquez.

34. Supervisor Calet Marquez inspected every apartment Plaintiff worked in, looking for a reason to reprimand him. The supervisor harassed and intimidated the Plaintiff daily.

35. The frequent, severe, and offensive conduct of Supervisor Calet Marquez linked to Plaintiff's Race and Color, created a hostile work environment for him, in violation of 42 U.S.C. §1981.

36. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. The Plaintiff knew that the Management did not like him because he was Black, and they were looking for excuses to fire him.

37. On or about August 13, 2019, Manager Cristina Paneto gave Plaintiff an unfair warning, Plaintiff objected and wrote a statement on the back of the warning complaining about discrimination and harassment.

38. On or about November 2019, Plaintiff complained to Manager Cristina Paneto about the abusive conduct of Calet Marquez. Manager Cristina Paneto told Plaintiff that Calet Marquez was his supervisor and that he had just to listen to him.  Manager Cristina Paneto did not open a formal investigation and did not stop the discrimination and harassment.

39. On or about December 31, 2019, the Plaintiff took some pictures of a defective work performed by a subcontractor hired by Calet Marquez in apartment # 922 and sent the pictures to the Supervisor. As a result, there was an argument about the responsibility of a damaged cable, and Supervisor Calet Marquez got furious, he

insulted and threatened Plaintiff. Supervisor Calet Marquez told Plaintiff "you Neg…..you already got me tired", then he used his two hands to push Plaintiff and slammed him against the door, Plaintiff hurt his back and his head, he did not fight back, he was paralyzed, in shock with severe chest pain, while Calet Marquez repeatedly threatened to cause Plaintiff and his son bodily harm.

40. Plaintiff called the Police and the rescue also was called. Plaintiff was taken to the E.R. with heart attack symptoms. He stayed at the hospital for one day, and he was prescribed 3 days of bed rest.

41. On or about January 6, 2020, Plaintiff returned to work, he was ordered to report to Manager Assistant Walter Nicolas.

42. On or about January 10, 2020, Plaintiff was presented with a warning that Plaintiff refused to sign.  Instead, on or about January 13, 2020, Plaintiff wrote a letter complaining about the incident and the lack of action to stop the aggressive conduct of Supervisor Calet Marquez.

43. On or about January 15, 2020, there was a meeting in which the owner of the business, the attorney, and Manager Cristina Paneto were present. Plaintiff complained about the discrimination and harassment based on his Race and Color that he had been suffering for so long. Plaintiff was informed that Supervisor Calet Marquez would not be allowed to talk to him anymore. The owner of the business promised Plaintiff to transfer him to another position in another place and to pay his medical bills.

44. Despite the Defendant's promises, Supervisor Calet Marquez continued harassing Plaintiff.

45. On February 21, 2020, Manager Cristina Paneto handed Plaintiff a memo about the meeting held on January 15, 2020, Plaintiff refused to sign it because the content did not reflect what was promised to him in the meeting.

46. On or about February 24, 2020, the Plaintiff gave Manager Cristina Paneto a letter explaining the correct facts about the meeting.  Manager Cristina Paneto got very upset and told Plaintiff that she was going to send the letter to the owner of the business.

47. On or about February 28, 2020, Manager Cristina Paneto asked Plaintiff how long he needed to look for another employment, Plaintiff in surprise answered, "I don't know". Manager Cristina Paneto replied, "Well, the owner said she gives you one week to find a new job".

48. On or about March 02, 2020, Supervisor Calet Marquez approached Plaintiff and told him: "Don't go yet, because we are going to have a meeting". Present at the meeting were Plaintiff's co-workers. Supervisor Calet Marquez informed; "Tomorrow is Pablo's last day".

49. On or about March 3, 2020, Plaintiff was called to the office where Manager Cristina Paneto showed Plaintiff a letter allegedly written by him, stating that this was his last day of work and that he was paid appropriately, and that Defendant was giving Plaintiff $1,000.00 for hospital bills and any present or future compensation. Plaintiff never received $1,000.00 or any other form of compensation.

50. On or about March 3, 2020, the Plaintiff was discharged by the Defendant, and Plaintiff's discharge was directly and proximately caused by Defendant's unjustified discrimination and retaliation against Plaintiff because he complained

about unlawful discrimination and harassment in violation of both Federal and State Laws.

51. Moreover, the Plaintiff's termination came just in temporal proximity after Plaintiff participated in protected activity on February 24, 2020

52. Defendant INVESTMENTS LIMITED is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected to despite Defendant's knowledge that such discrimination, harassment, and retaliation was occurring.

**COUNT I:**
**VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981,**
**DISCRIMINATION BASED ON RACE AND COLOR**

53. Plaintiff PABLO Z. FIGUEROA re-adopts every factual allegation as stated in paragraphs 1-52 above as if set out in full herein.

54. This is an action against INVESTMENTS LIMITED for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

55. At all times material hereto Defendant INVESTMENTS LIMITED was an "employer" within the meaning of Section 42 U.S.C. §1981.

56. At all times material hereto, Plaintiff PABLO Z. FIGUEROA was an "employee" and had a contractual relationship with the Defendant within the meaning of 42 U.S.C. §1981.

57. Plaintiff PABLO Z. FIGUEROA had at all times material, and continue to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence and to be free from racially-based discrimination while

bargaining, negotiating, or entering into a contract, including the enjoyment of all benefits, privileges terms and conditions of the contractual relationship of his employment at INVESTMENTS LIMITED.

58. The Defendant has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating the Plaintiff differently from similarly situated employees because of his Race and Color.

59. Defendant subjected Plaintiff PABLO Z. FIGUEROA to different adverse employment actions including but not limited to the following acts and omissions: harassment, hostile working environment, and retaliatory discharge.

60. The effects of the practices referenced above have been to deprive the Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee, because of his Race and Color.

61. As a direct and proximate result of the intentional violations by Defendant of the Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees, and subjecting him to racial harassment because of their Race and Color, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62. The Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of the Defendant's discriminatory practices unless and until this Court grants relief.

63. The actions of the Defendant INVESTMENTS LIMITED and/or agents were willful, wanton, intentional, and with malice or reckless indifference to the

Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant INVESTMENTS LIMITED for its actions and to deter it, and others, from such actions in the future.

64. Plaintiff PABLO Z. FIGUEROA has retained the undersigned counsel to prosecute his claims and he is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff PABLO Z. FIGUEROA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff PABLO Z. FIGUEROA and against the Defendant INVESTMENTS LIMITED based on the Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the amount of the costs of litigation and filing including attorney's fees; and

E. Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

<u>JURY TRIAL DEMAND</u>

Plaintiff PABLO Z. FIGUEROA demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**RETALIATION IN VIOLATION OF THE CIVIL RIGHTS OF 1866,**
**42 U.S.C., SECTION 1981**

65. Plaintiff PABLO Z. FIGUEROA re-adopts every factual allegation as stated in paragraphs 1-52 of this complaint as if set out in full herein.

66. Plaintiff PABLO Z. FIGUEROA and Defendant INVESTMENTS LIMITED had a contractual relationship.

67. Defendant INVESTMENTS LIMITED precluded Plaintiff from performing the stated contractual relationship when Defendant terminated Plaintiff.

68. Defendant INVESTMENTS LIMITED terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race and Color as more particularly described above.

69. The plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of his contractual relationship.

70. The Defendant acted with malice and/or reckless disregard for Plaintiff's protected rights.

71. Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff PABLO Z. FIGUEROA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and against Defendant INVESTMENTS LIMITED based on the Defendant's willful violations of 42 U.S.C. §1981; and

B.  Award Plaintiff PABLO Z. FIGUEROA compensatory damages including front pay, back pay, and lost benefits; and

C.  Award Plaintiff PABLO Z. FIGUEROA as to this count prejudgment interest; and

D.  Award Plaintiff PABLO Z. FIGUEROA damages for the costs of litigation and filing including attorney's fees; and

E.  Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages.

<u>JURY TRIAL DEMAND</u>

Plaintiff PABLO Z. FIGUEROA demands trial by a jury of all issues triable as of right by a jury.

**COUNT III**
**ASSAULT BASED UPON THE ACTIONS OF SUPERVISOR CALET MARQUEZ, AGAINST ALL DEFENDANTS**

72.  Plaintiff PABLO Z. FIGUEROA re-adopts every factual allegation as stated in paragraphs 1-52 of this Complaint as if set out in full herein.

73.  At all times material hereto, Plaintiff PABLO Z. FIGUEROA was employed by INVESTMENTS LIMITED as a maintenance employee.

74.  At all times material hereto, Defendant CALET MARQUEZ was employed by INVESTMENTS LIMITED as a maintenance supervisor.

75.  At all times relevant hereto, PABLO Z. FIGUEROA and CALET MARQUEZ were both employees of INVESTMENTS LIMITED and were co-workers at the same facility.

76.  At all times relevant hereto, Defendant CALET MARQUEZ was the supervisor of Plaintiff PABLO Z. FIGUEROA.

77. On or about December 31, 2019 Defendant CALET MARQUEZ, while acting in the course and scope of his employment with Defendant INVESTMENTS LIMITED, he threatened to physically harm the Plaintiff PABLO Z. FIGUEROA, as further described in paragraphs 39-40 above.

78. At all times material hereto Plaintiff PABLO Z. FIGUEROA reasonably believed that Defendant CALET MARQUEZ had the ability to carry out the threats of bodily harm directed towards him.

79. On December 31, 2019 Defendant CALET MARQUEZ proceeded to carry out his threat of bodily harm towards Plaintiff PABLO Z. FIGUEROA by slamming him against the door.

80. At said time and place, on December 31, 2020, Defendant CALET MARQUEZ proceeded to carry out his threat of bodily harm towards Plaintiff PABLO Z. FIGUEROA.

81. Said threats, behavior, and aggressive conduct by the Defendant CALET MARQUEZ directed towards the Plaintiff were carried out under such circumstances to cause the Plaintiff emotional distress and/or create a well-founded fear of imminent peril.

82. Defendant INVESTMENTS LIMITED is subject to vicarious liability for the actions of its employee CALET MARQUEZ because these attacks on Plaintiff happened during and within the course and scope of his employment with Defendant and because it failed to take adequate remedial measures to prevent and to halt the violent conduct of its employee CALET MARQUEZ.

83. Defendant INVESTMENTS LIMITED is jointly liable for the damages caused by Defendant CALET MARQUEZ to Plaintiff PABLO Z. FIGUEROA for

Defendant's failure to address or otherwise prevent Defendant CALET
MARQUEZ from threatening or carrying out his threats of harm towards Plaintiff
PABLO Z. FIGUEROA.

84. That as a direct and proximate result of Defendant CALET MARQUEZ intentional
and reckless behavior as referenced above, the Plaintiff PABLO Z. FIGUEROA has
been caused to suffer bodily injury, severe emotional distress, or the aggravation of a
pre-existing condition.

85. Plaintiff has retained the law offices of the undersigned attorney to represent him
in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff PABLO Z. FIGUEROA demands judgment against
INVESTMENTS LIMITED and CALET MARQUEZ individually for damages for past
and future lost earnings, compensatory damages, punitive damages, court costs, attorney's
fees pursuant to Fla. Stat. § 57.105 and for any other relief that this Court may deem just
and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff PABLO Z. FIGUEROA demands a trial by jury on all issues triable as of right by
a jury.

<u>COUNT IV:</u>
<u>BATTERY BASED UPON THE ACTIONS OF CALET MARQUEZ,
AGAINST ALL DEFENDANTS</u>

86. Plaintiff MELANIE M. ROSARIO re-adopts every factual allegation as stated in
paragraphs 1-52 of this Complaint as if set out in full herein.

87. At all times material hereto, Plaintiff PABLO Z. FIGUEROA was employed by INVESTMENTS LIMITED as a maintenance employee.

88. At all times material hereto, Defendant CALET MARQUEZ was employed by INVESTMENTS LIMITED as a maintenance supervisor.

89. At all times relevant hereto, PABLO Z. FIGUEROA and CALET MARQUEZ were both employees of INVESTMENTS LIMITED and were co-workers at the same facility.

90. At all times relevant hereto, Defendant CALET MARQUEZ was the supervisor of Plaintiff PABLO Z. FIGUEROA.

91. At all times relevant hereto CALET MARQUEZ was an individual with authority to alter and determine the Plaintiff's terms and conditions of employment. Defendant CALET MARQUEZ used his position to discriminate and to harass Plaintiff based on his Race and Color.

92. On or about December 31, 2019 Defendant CALET MARQUEZ, while acting in the course and scope of his employment with Defendant INVESTMENTS LIMITED, he threatened to physically harm the Plaintiff PABLO Z. FIGUEROA, as further described in paragraphs 39-40 above.

93. At all times material hereto Plaintiff PABLO Z. FIGUEROA reasonably believed that Defendant CALET MARQUEZ had the ability to carry out the threats of bodily harm directed towards him.

94. On December 31, 2019 Defendant CALET MARQUEZ proceeded to carry out his threat of bodily harm towards Plaintiff PABLO Z. FIGUEROA by slamming him against the door.

95. On or about December 31, 2019, there was an argument about the responsibility of a damaged cable, and Supervisor CALET MARQUEZ got furious, he insulted and threatened Plaintiff. Supervisor CALET MARQUEZ  told Plaintiff  "you Neg…..you already got me tired", then he used his two hands to push Plaintiff and slammed him against the door, Plaintiff hurt his back and his head, he did not fight back, he was paralyzed, in shock with severe chest pain, while Calet Marquez repeatedly threatened to cause Plaintiff and his son bodily harm.

96. Plaintiff called the Police and the rescue also was called. Plaintiff was taken to the E.R. with heart attack symptoms. He stayed at the hospital for one day, and he was prescribed 3 days of bed rest.

97. As a result of Defendant CALET MARQUEZ'S battery on the Plaintiff as stated above, the Plaintiff suffered harm, bodily injury, and/or offensive contact.

98. That Defendant CALET MARQUEZ had threatened the Plaintiff with bodily harm and/or offensive contact, and intentionally caused bodily harm and/or offensive contact to the Plaintiff PABLO Z. FIGUEROA and acted with reckless disregard of the consequences of his actions.

99. The Plaintiff did not consent to Defendant's acts.

100.     As a direct and proximate result of the intentional acts of CALET MARQUEZ, the Plaintiff experienced pain, suffering, mental anguish, physical injury, unnecessary medical care and expenses, lost wages, lost future wages, loss of future earning capacity, and was otherwise injured and damaged.

101.     CALET MARQUEZ's acts were done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

102.     Defendant INVESTMENTS LIMITED is subject to vicarious liability for the actions of its employee CALET MARQUEZ because these attacks on Plaintiff happened during and within the course and scope of his employment with Defendant and because it failed to take adequate remedial measures to prevent and to halt the violent conduct of its employee CALET MARQUEZ.

103.     Defendant INVESTMENTS LIMITED is jointly liable for the damages caused by Defendant CALET MARQUEZ to Plaintiff PABLO Z. FIGUEROA for Defendant's failure to address or otherwise prevent Defendant CALET MARQUEZ from threatening or carrying out his threats of harm towards Plaintiff PABLO Z. FIGUEROA.

104.     The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff PABLO Z. FIGUEROA demands judgment against INVESTMENTS LIMITED and CALET MARQUEZ, individually for compensatory damages, punitive damages, court costs, attorney's fees pursuant to Fla. Stat. § 57.105 and for any other relief that this Court may deem just and proper.

<u>JURY TRIAL DEMAND</u>

The Plaintiff PABLO Z. FIGUEROA demands a trial by jury on all issues triable as of right by a jury.

<u>COUNT V</u>
**RESPONDEAT SUPERIOR LIABILITY OF INVESTMENTS LIMITED
FOR THE ACTS OF ITS EMPLOYEE CALET MARQUEZ, IN THE
COURSE AND SCOPE OF HIS EMPLOYMENT**

105.     Plaintiff PABLO Z. FIGUEROA re-adopts every factual allegation as stated in paragraphs 1-52 and 72-104 of this Complaint as if set out in full herein.

106.     The Assault and Battery committed by Defendant CALET MARQUEZ on the Plaintiff PABLO Z. FIGUEROA was during the time and space limits of their employment with the Defendant INVESTMENTS LIMITED.

107.     The unlawful actions prohibited by Florida law committed by Defendant CALET MARQUEZ against the Plaintiff was during the time and space limits of their employment with the Defendant INVESTMENTS LIMITED.

108.     At the time the unlawful employment actions against Plaintiff occurred, the Defendant CALET MARQUEZ had not stepped away from his employment with INVESTMENTS LIMITED.

109.     As a direct and proximate result of the acts of Defendant CALET MARQUEZ, Defendant INVESTMENTS LIMITED is vicariously liable under the Doctrine of Respondeat Superior Liability.

110.      The Plaintiff PABLO Z. FIGUEROA has suffered pain and suffering, mental anguish, loss of capacity for the enjoyment of life, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

Melanie

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff PABLO Z. FIGUEROA demands judgment against

the Defendant UNIVERSIDAD LOGOS for damages plus the costs of this action

and reasonable attorney's fees.

JURY TRIAL DEMAND

Plaintiff PABLO Z. FIGUEROA demands trial by a jury of all issues triable as of right by

a jury.

Dated: June 30, 2020

Respectfully submitted,

By:  /s/ Zandro E. Palma
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*